11-1241-ag
Jiang v. Holder

BIA
Schoppert, IJ
A098 714 586

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of February, two thousand twelve.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　RICHARD C. WESLEY,
　　　　SUSAN L. CARNEY,
　　　　　　*Circuit Judges.*

_____

AI YOU JIANG,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　　11-1241-ag
　　　　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　H. Raymond Fasano, New York, New York.

FOR RESPONDENT:　　　　Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Jeffrey J. Bernstein, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ai You Jiang,[1] a native and citizen of the People's Republic of China, seeks review of a March 4, 2011, order of the BIA, affirming the June 24, 2009, decision of the Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aiyou Jiang*, No. A098 714 586 (B.I.A. Mar. 4, 2011), *aff'g* No. A098 714 586 (Immig. Ct. N.Y. City June 24, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

---

[1] Although the spelling in the agency proceedings is Aiyou Jiang, because Jiang uses Ai You Jiang in all of his filings in this Court we also use Ai You Jiang.

Jiang argues that he met his burden of proof for CAT relief by presenting evidence that individuals returned to China from the United States are detained and that torture is widespread in Chinese prisons.[2] The agency reasonably found that Jiang's evidence was insufficient to meet his burden because Jiang relied on generalized evidence concerning the treatment of prisoners and submitted no particularized evidence whatsoever to indicate that individuals who are returned from the United States are tortured in detention. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005). Indeed, like the documents submitted in *Mu Xiang Lin* and *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.21 (2d Cir. 2003), the documents Jiang submitted "by no means establish that prisoners in [the petitioner's] circumstances – namely, . . . unlawful emigrants – are 'more likely than not to be tortured.'" *Mu-Xing Wang*, 320 F.3d at 144 n.21; *see also Mu Xiang Lin*, 432 F.3d at 160-61.

Furthermore, despite Jiang's argument to the contrary, the testimony offered by Professor Rojek, who last visited

---

[2] Jiang has not sought review of the BIA's denial of his application for asylum and withholding of removal relief.

China in 1994, failed to identify any specific incident of torture or any individual returnee who had been tortured. The BIA therefore reasonably declined to give that testimony prevailing weight. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Finally, Jiang's argument that the Seventh Circuit's holding in *Yi-Tu Lian v. Ashcroft*, 379 F.3d 457 (7th Cir. 2004) supercedes this Court's holding in *Mu Xiang Lin* is unavailing as this Court is not bound by a holding of another circuit. Moreover, Jiang misunderstands *Yi-Tu Lian.* There, the Seventh Circuit remanded the case because the IJ failed completely to consider the evidence. The holding of *Yi-Tu Lian*, that a petitioner may establish his CAT claim using evidence pertaining to similarly situated individuals, is consistent with this Court's holdings in *Mu Xiang Lin* and *Mu-Xing Wang*.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk